**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

TOMMIE LOYD PAYNE,[1] )
)
                Petitioner,)
)
      v. )       No. CIV-06-328-FHS
)
DAVE MILLER, et. al., )
)
                Defendants.)

## ORDER

    Petitioner, an inmate in the custody of the Lawton Correctional Facility, appearing through his counsel, Gerald J. Lovoi, has filed with this court a petition seeking federal habeas corpus relief. Petitioner is currently incarcerated pursuant to a Judgment and Sentence entered in the District Court of Muskogee County in Muskogee County Case No. CF-2003-48. The Petitioner is sentenced to fifteen (15) years for Second Degree Rape, twenty (20) years for Forcible Sodomy and fifteen (15) years for Second Degree Rape by Instrumentation.

    Petitioner filed a direct appeal of his conviction in Case No. F-2004-368 (Okl. Cr. June 10, 2005). The Oklahoma Court of Criminal Appeals (OCCA) denied the appeal and affirmed with regards to all counts except for one count of Lewd Molestation, which was reversed with instructions to dismiss. Petitioner also sought a post-conviction appeal with the district court. It was

---

    [1]The court is uncertain as to the correct spelling of the Petitioner's first name. In some places it is spelled "Tommy" and in others it is spelled "Tommie". The multiple spellings often occur within the same document filed by Petitioner. As a result, the court will use the spelling which is reflected on the docket sheet.

1

denied on April 4, 2006. Petitioner appealed the denial of post-conviction relief to the OCCA. The OCCA affirmed the denial of post-conviction relief on July 5, 2006, in Case No. PC-2006-395.

On August 15, 2006, Petitioner filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. Sec. 2254. He sets forth the following grounds for relief:

> (1) The sodomy instruction given combined alternative elements that permitted a conviction upon a finding that the defendant's penis penetrated the prosecutrix's vagina. As a result, the verdict on that count is constitutionally infirm because of the possibility that there was a violation of double jeopardy. (2) The trial court failed to order a pre-sentence investigation report, and improperly relegated to the jury the decision whether the sentences should be served concurrently or consecutively. (3) The trial should have been continued so that defense counsel could educated himself on the issue of DNA analysis. (4) The trial court's failure to grant a continuance in this matter denied the recently retained defense counsel the opportunity to proceed with independent analysis of the DNA in this matter. (5) The trial should have been continued so that defense counsel could educate himself on the issue of prior false allegations.

Respondent has submitted the following records to the court for consideration in this matter:

a. Brief of Appellant filed in the Court of Criminal Appeals for the State of Oklahoma on October 21, 2004.

b. Brief of Appellee filed in the Court of Criminal Appeals for the State of Oklahoma on December 20, 2004.

c. Summary opinion in <u>Tommie Loyd Payne vs. State of</u>

2

> Oklahoma, F-2004-368 (Okla. Crim. App. June 10, 2005).

d. Post-Conviction Relief Order filed on April 4, 2006.

e. Brief of Appellant filed in the Oklahoma Court of Criminal Appeals.

f. Order Affirming Denial of Application for Post-Conviction Relief filed on July 5, 2006.

g. Portions of Transcript from Jury trial held before the Honorable Mike Norman in Muskogee County District Court on February 24, 2004.

## I. Double Jeopardy

Petitioner has argued in his habeas petition that the "The sodomy instruction given combined alternative elements that permitted a conviction upon a finding that the defendant's penis penetrated the prosecutrix's vagina. As a result, the verdict on that count is constitutionally infirm because of the possibility that there was a violation of double jeopardy." However, this ground must fail.

First, it should be noted that jury instructions are usually an issue of state law and not proper for habeas review. In a habeas corpus proceeding attacking a state court judgment based on an erroneous jury instruction, Petitioner has a great burden. Lujan v. Tansy, 2 F. 3d 1031, 1035 (10th Cir. 1993), *cert. denied*, 510 U.S. 1120 (1994). A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial. Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir. 1990),

*cert. denied*, 498 U.S. 961 (1990). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (footnote omitted). The question in this proceeding is not whether the instruction is "undesirable, erroneous, or even 'universally condemned,'" but whether the instruction so infected the trial that the resulting conviction violates due process. Id. (quoting Cupp v. Naughten, 414 U.S. 141, 146 (1973)). The degree of prejudice from the instruction error must be evaluated in the context of the events at the trial. United States v. Frady, 456 U.S. 152, 169 (1982). Maes v. Thomas, 46 F. 3d 979, 984 (10th Cir.), *cert. denied*, 514 U.S. 1115 (1995). Further, "Unless the constitution mandates a jury instruction be given, a habeas Petitioner must show that, in the context of the entire trial, the error in the instruction was so fundamentally unfair as to deny the Petitioner due process." Tiger v. Workman, 445 F.3d 1265, 1267 (10th Cir. 2006) (citations omitted).

The court finds the jury instruction at issue did not render the trial fundamentally unfair or cause a violation of due process. The jury instruction on sodomy did not cause a violation of the Double Jeopardy clause because it did not result in the Petitioner being punished twice for the same offense. The instruction used combined the uniform sodomy instruction which covered both fellatio and cunnilingus in a single instruction. However, after reviewing the record the court finds there was no reasonable probability the jury would have been mislead or confused by the instruction. The prosecutor read the charges to the jury

outlining the acts of forcible oral sodomy and second degree rape. The victim testified that during October 1999 Petitioner put his penis in her vagina and had sex with her. She also testified Petitioner put his penis in her mouth. The trial court gave a separate instruction for second degree rape. Thus, the court finds Petitioner is not being charged twice for the same offense. Accordingly, there are not adequate grounds for habeas relief based on the jury instruction because the jury instruction did not render the trial fundamentally unfair and was not a denial of due process.

Under the revised federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The law provides that "[a]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive Petitioner of a fair trial and to due process of law." Patton v. Mullin, 425 F.3d 788, 807 (10th Cir. 2005) (quoting Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997)). The United States Supreme Court has stated in reference to this standard:

> Under the 'contrary to clause', a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decided a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000).

After a careful review of the jury instruction as given the court finds that it did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the jury trial. Accordingly, the court finds no grounds for habeas relief.

## II. Sentencing

In his second proposition of error, Petitioner alleges the trial court failed to order a pre-sentence investigation report pursuant to 22 O.S. Supp. 2002 Sec. 982 and improperly relegated to the jury the decision whether the sentences should be served concurrently or consecutively. Sentencing is a matter of state law. See <u>Shafer v. Stratton</u>, 906 F.2d 506, 510 (10th Cir.), *cert. denied*, 498 U.S. 961 (1990). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1995) (per curium)). "Habeas corpus is a civil proceeding and the burden is upon the Petitioner to show by a preponderance of the evidence that he is entitled to relief." Beeler v. Crouse, 332 F.2d 783, 783 (10th Cir. 1964) (citing Teague v. Looney, 268 F.2d 506 (10th Cir. 1959)). Here, the court finds Petitioner has failed to present an argument supporting federal habeas relief.

### III. Procedural Bar

In his third, fourth and fifth grounds of error, the Petitioner raises the following issues:

> Ground Three: The trial court should have continued so that defense counsel could educate himself on the issue of DNA analysis.

> Ground Four: The failure of the trial court to grant a continuance in this matter so that the recently retained defense counsel could proceed with independent analysis of the DNA evidence in this matter.

> Ground Five: The trial should have been continued so that defense counsel could educate himself on the issue of prior false allegations.

When Petitioner filed his direct appeal, he did not raise these claims. Petitioner raised them subsequently in his application for post-conviction relief which was denied by the trial court. When Petitioner appealed the denial of his application for post-conviction relief, the Oklahoma Court of Criminal Appeals did not address these claims on the merits because of an independent and adequate state procedural rule holding that all issues not raised on direct appeal which could have been raised there are waived. 22

O.S. Sec. 1086. Because the Oklahoma Court of Criminal Appeals correctly applied the procedural bar to Petitioner's claims, habeas relief must be denied on them.

In <u>Coleman v. Thompson</u>, 501 U.S 722, 750 (1991), the Supreme Court held federal habeas review may be procedurally barred where a Petitioner defaults his federal claims in state court pursuant to an independent and adequate state procedural rule. A state court finding of procedural default is "independent" if it is separate and distinct from federal law. <u>Maes v. Thomas</u>, 46 F.3d 979, 985 (10th. Cir. 1995). A state's procedural default rule is "adequate" if it is firmly established regularly followed and evenly applied. <u>Messer v. Roberts</u>, 74 F.3d 1009, 1015 (10th Cir. 1996).

The claims raised in Petitioner's Grounds 3, 4 and 5 were procedurally defaulted by the Oklahoma Court of Criminal Appeals pursuant to 22 O.S. Sec. 1086 because Petitioner failed to present them in his direct appeal. 22 O. S. Sec. 1086 is the section which specifically sets forth the rule that all claims available must be raised on direct appeal and post-conviction is not a procedure for review of defaulted direct appeals claims. It is clear the Oklahoma Court of Criminal Appeals has consistently enforced the mandate of Section 1086. As was stated in <u>Steele v. Young</u>, 11 F. 3d 1518, 1522 (10th Cir. 1993) the Tenth Circuit Court of Appeals has stated the Oklahoma's application of Section 1086 is well established and routinely applied. Moreover, it is a state procedural bar which is not only independent but adequate as well. For these reasons, <u>Coleman</u> bars this court's consideration of the claims contained in Petitioner's Grounds 3, 4 and 5. <u>Coleman</u>, 501 U.S 722 at 750.

Further, Petitioner has been unable to show cause for his failure to raise these claims on direct appeal and he can not show actual prejudice or a miscarriage of justice. He asserts "new scientific evidence has come to light which casts the DNA evidence in doubt" and that it took his counsel some time to locate Department of Human Services records which reflect a possible prior false allegation as possible reasons for his failure to raise these claims earlier.  The court has reviewed these claims closely and finds no actual prejudice or miscarriage of justice.  The article to which Petitioner refers generally questions DNA evidence.  Petitioner fails to adequately explain how the delay in obtaining the Department of Human Services records caused actual prejudice or a miscarriage of justice. Therefore, this claim must fail.

Accordingly, the petitioner's petition for habeas corpus relief is denied.

**IT IS SO ORDERED** this 11th day of January 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma